

FILED

OCT 1 2 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>GORDON'S MUSIC AND SOUND, INC.,<br><br>        Debtor.<br>_____<br>EDWARD GLATZEL,<br><br>        Plaintiff,<br>v.<br><br>GORDON'S MUSIC AND SOUND, INC.,<br><br>        Defendant.<br>_____ | Case No. 11-28452-E-11<br><br><br><br><br><br><br>Adv. Pro. No. 11-2483<br><br><br>Date: October 2, 2012<br>Time: 2:30 p.m.<br>Courtroom: 33 |

**SUPPLEMENT TO FINDINGS OF FACT AND CONCLUSIONS OF LAW
AS STATED ON THE RECORD, OCTOBER 2, 2012**

The court commenced trial in the *Glatzel v. Gordon's Music and Sound, Inc.* Adversary Proceeding on September 7, 2012. The trial was continued to October 2, 2012, to allow the parties to brief the issues concerning the request for the court to enter judgment for Gordon's Music and Sound, Inc., the named Defendant-Debtor, pursuant to Federal Rule of Civil Procedure 52(c) and Federal Rule of Bankruptcy Procedure 7052. The court granted judgment for Gordon's Music and Sound, Inc. on all claims in the Adversary

Proceeding and against Edward Glatzel, the Plaintiff. The court's findings of fact and conclusions of law were stated on the record pursuant to Federal Rule of Civil Procedure 52(a) and Federal Rule of Bankruptcy Procedure 7052. At the time of the hearing the court stated its findings of fact and conclusions of law on the record, which supplemented by this written statement of the authorities cited by the court on the issue of the term "individual" as used in 11 U.S.C. § 523(a) not including a corporation. The court issues this Supplement to the Findings of Fact and Conclusions of Law as stated orally to create a compte of the grounds for the granting of the judgment for the Defendant-Debtor.

The exceptions to discharge provisions of 11 U.S.C. § 523(a) apply only to individual debtors and not corporate debtors such as Gordon's Music and Sound, Inc.

I. *Towers for Pacific-Atlantic Trading Co. v. United States (In re Pacific-Atlantic Trading Co.)*, 64 F.3d 1292, 1302 (9th Cir. Cal. 1995)

> A court should begin its analysis by applying the words of § 507(a)(7)(A)(iii) literally. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 103 L. Ed. 2d 290, 109 S. Ct. 1026 (1989); *see also United States v. Ledlin (In re Mark Anthony Constr., Inc.)*, 886 F.2d 1101, 1105 n.7 (9th Cir. 1989) ("In interpreting statutes in this [the bankruptcy] field we avoid resort to legislative history where the statute is not overtly ambiguous."). Applied literally, the assessment for the 1988 taxable year falls squarely within the meaning of § 507(a)(7)(A)(iii). The taxes are not "of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C)" because § 523 only applies to individual and not corporate debtors. *Yamaha Motor Corp. v. Shadco, Inc.*, 762 F.2d 668, 670 (8th Cir. 1985) (section 523(a) is applicable to individual debtors and will not be extended to corporate or partnership debtors); *Savoy Records, Inc. v. Trafalgar Assocs. (In re Trafalgar Assocs.)*, 53 Bankr. 693, 696 (Bankr. S.D.N.Y. 1985) (same).

II. *Garrie v. James L. Gray, Inc.*, 912 F.2d 808, 812 (5th Cir. 1990), *re hrg. denied,* 1990 U.S. App. LEXIS 19638 (5th Cir. 1990), *cert. denied* 499 U.S. 907 (1991),

> Moreover, the "willful and malicious injury" exception to discharge, like all of the exceptions to discharge found in section 523(a), applies only to individual, not corporate, debtors. As explained in *Yamaha Motor Corp., U.S.A. v. Shadco, Inc.*, 762 F.2d 668, 670 (8th Cir. 1985),
>
>> . . . both the language of . . . [section 523(a)] and the case law interpreting the statute militate against applying the exemption to corporate debtors. *See In re Kuempel Co.*, 14 B.R. 324, 325-27 (Bankr.S.D.Ohio 1981). *See also In re Lucas*, 21 B.R. 585 (Bankr.W.D.Pa. 1982). Congress clearly did not intend the term 'corporate debtor' to be used interchangeably with the term 'individual debtor,' as such a construction would 'render meaningless employment by Congress of the term "individual"' (quoting *Kuempel*, 14 B.R. at 325).
>
> Texaco is, of course, a corporate debtor; accordingly, Garrie's claims against it, even if resulting from "willful and malicious injury," were properly discharged in bankruptcy. The district court did not err in dismissing Texaco from this case.

III. *Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms, Inc.)* 863 F.2d 832, 834 (11th Cir. 1989),

> However, Section 523 is not applicable in this case. The Spring Valley defendants are corporate debtors. Section 523(a)(3) places a burden of inquiry upon a creditor only when the debtor is an "individual debtor." A corporate debtor is not an individual debtor for the purposes of Section 523. *Yamaha Motor Corp. v. Shadco, Inc.*, 762 F.2d 668, 670 (8th Cir. 1985) (applying Section 523 to corporations would "render meaningless employment by Congress of the term 'individual'") (citing *In re Kuempel Co.*, 14 B.R. 324, 325 (Bankr.S.D. Ohio 1981)); *In re Push & Pull Enter., Inc.*, 84 B.R. 546, 548 (N.D.Ind. 1988) ("It is almost undebatable and universally held that a corporate Chapter 11 debtor is not subject to the dischargeability provisions of 11 U.S.C.A. § 523.") *Collier on Bankruptcy*, § 523.04 at 523-11 (1988).

IV. *Yamaha Motor Corp. v. Shadco, Inc.*, 762 F.2d 668, 670 (8th Cir. 1985),

> We agree with the bankruptcy court that both the language of the statute and the case law interpreting the statute militate against applying the exemption to corporate debtors. *See In re Kuempel Co.*, 14 Bankr. 324, 325-27 (Bankr. S.D. Ohio 1981). *See also In re Lucas*, 21 Bankr. 585 (Bankr. W.D. Penn. 1982). Congress clearly did not intend the term "corporate debtor" to be used interchangeably with the term "individual debtor," as such a construction would "render meaningless employment by Congress of the term 'individual'." *Kuempel*, supra, 14 Bankr. at 325. Accordingly, we hold that the exemptions embodied in 11 U.S.C. § 523(a) do not apply to corporate debtors.

V. The Bankruptcy Code statutory defines what constitutes a "person" who is eligible to be a debtor in a bankruptcy case. 11 U.S.C. § 109. This definition expressly distinguishes between a living individual and fictitious entities such as corporations and partnerships. This definition also expressly limits the type of "person" who may be a Chapter 13 Debtor to "an individual with regular income" and a Chapter 12 Debtor to only a "family farmer or family fisherman." 11 U.S.C. § 109(e) and (f).

Consideration of this issue begins with the term "person," which is defined by the Bankruptcy Code as,

> (41) The term "person" includes individual, partnership, and corporation, but does not include governmental unit, except that a governmental unit that—
>
> (A) acquires an asset from a person--
>    (i) as a result of the operation of a loan guarantee agreement; or
>    (ii) as receiver or liquidating agent of a person;
>
> (B) is a guarantor of a pension benefit payable by or on behalf of the debtor or an affiliate of the debtor; or
>
> (C) is the legal or beneficial owner of an asset of--

4

> (i) an employee pension benefit plan that is a governmental plan, as defined in section 414(d) of the Internal Revenue Code of 1986; or
>
> (ii) an eligible deferred compensation plan, as defined in section 457(b) of the Internal Revenue Code of 1986; shall be considered, for purposes of section 1102 of this title, to be a person with respect to such asset or such benefit.

11 U.S.C. § 101(41). In this definition Congress recognizes that an individual is someone other than a partnership or corporation.

For Chapter 13 cases, a "person" who may be a debtor is limited to only an "individual with regular income" which is defined to be,

> (30) The term "individual with regular income" means individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title, other than a stockbroker or a commodity broker.

11 U.S.C. § 101(30). For this definition of an "individual" in a Chapter 13 case, the term "individual" means a natural person, excluding artificial entities such as corporations or partnerships. See *In re Jac Family Foundation*, 356 B.R. 554 (Bankr. N.D. Ga 2006),

> When Congress does not define a word by statute, courts construe the word as having its ordinary or common meaning.
>
> *Webster's Third New International Dictionary Unabridged* defines "individual" as "a single human being as contrasted with a social group or institution." *Webster's Third New International Dictionary! Unabridged* 1152 (Philip Babcock Gove ed., 1976). *Black's Law Dictionary* defines the adjective "individual" as "of or relating to a single person or thing, as opposed to a group." *Black's Law Dictionary* 788 (8th ed. 2004). The Eleventh Circuit Court of Appeals has applied the plain meaning doctrine to interpret "individual" in former § 362(h) of the Bankruptcy Code as "limited to natural persons and . . . not includ[ing] corporations or other artificial entities." *Jove Eng'g, Inc. v. I.R.S. (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1550-51 (11th Cir. 1996). Nothing in the Court of Appeals' opinion or the Bankruptcy Code

5

suggests that "individual" should have different meanings in different sections of the Code. . .

The definition of individual may also be determined by eliminating meanings inconsistent with other definitions provided by § 101 of the Code. The definitions of "person," as "including individual, partnership, and corporation," 11 U.S.C. § 101(41) (2006), and "entity," as including "person, estate, trust, governmental unit, and United States trustee," 11 U.S.C. § 101(15) (2006), seem to limit the definition of individual by excluding partnerships, corporations, estates, trusts, and governmental units. Further, an individual partner or individual trustee is eligible to be a debtor in a Chapter 13 case while a partnership or trust is not. *2 Collier on Bankruptcy* P 109.06[1] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2006); Keith M. Lundin, *Chapter 13 Bankruptcy*, 3D ED. §§ 7.4-7.7 (2000 & Supp. 2004).

To qualify as a "family farmer" or a "family fisherman" debtor in a Chapter 12 case, the "person" qualified to be a debtor is limited must be (1) an individual or individual and spouse who meet certain financial criteria or (2) a non-publicly traded corporation or partnership in which more than 50 percent of the outstanding stock or equity is held by one family, or by one family and the relatives of such family, who conduct the farming or fishing operation and meet the specified financial criteria. 11 U.S.C. § 101(18)(A), (B) and (19)(A), (B). In using the term "individual" in these definitions Congress clearly distinguishes between an individual human being and a corporation or partnership.

The term "individual" is used 42 times in the 11 U.S.C. § 101 basic definitions for the Bankruptcy Code. The term "corporation" is used 21 times and the term "partnership" is used 24 times in these same basic definitions set forth in 11 U.S.C. § 101. The definition of the term "corporation" expressly states that it does not include an "individual" or "partnership." 11 U.S.C. § 101(9). Congress, in these 11 U.S.C. § 101 definitions and throughout the

6

Bankruptcy Code[1] distinguishes between individuals, corporations, and partnerships for treatment in bankruptcy cases.

## CONCLUSION

The court finds no basis for concluding, as asserted by the Plaintiff, that Congress intended to enact *sub silentio* a different definition in the term "individual" as used in 11 U.S.C. § 523 from the definition of that term in the rest of the Bankruptcy Code. *See Hamilton v. Lanning*, ___ U.S. ___, 130 S.Ct. 2464 (2010); *United States v. Ron Pair Enterprises*, 489 U.S. 235, (1989),

> The task of resolving the dispute over the meaning of § 506(b) begins where all such inquiries must begin: with the language of the statute itself. *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685 (1985). In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, "the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485 (1917). The language before us expresses Congress' intent -- that postpetition interest be available -- with sufficient precision so that reference to legislative history and to pre-Code practice is hardly necessary.

The same is true in this Adversary Proceeding. Congress' intent is clear, the 11 U.S.C. § 523(a) exceptions to discharge are limited to individual debtors and not the broader universe of "persons" who may be debtors, such as corporations or partnerships. To accept the Plaintiff's contention that Congress intended the word "individual" to mean "corporation" if there is an "individual"

---

[1] One example in other sections of the Bankruptcy Code is for special confirmation requirements for Chapter 11 plans when the debtor is an "individual." 11 U.S.C. § 1129(a)(15), (b)(2)(B), and 1123(a)(8), (c). Additionally, a debtor who is an individual in a Chapter 11 case (1) cannot receive his or her discharge through a confirmed Chapter 11 plan for debts excepted from discharge under 11 U.S.C. § 523 and (2) may not be granted a discharge until he or she has completed all payments required under the Chapter 11 plan (with a limited exception allowing the court to grant a "hardship discharge" for cause). 11 U.S.C. § 1141(d)(2), (5).

involved in the acts at issue runs counter to the plan meaning of the statute.  To accept the Plaintiff's contention would require this court to rewrite the statute and give it a different meaning than enacted by Congress.  Such is not the role of the federal courts.

This Supplement to Finding of Fact and Conclusions of Law is part of the official record in support of the judgment issued by the court in this Adversary Proceeding.

Dated: October 12, 2012

_____
RONALD H. SARGIS, Judge
United States Bankruptcy Court

8

**CERTIFICATE OF MAILING**

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that the attached document(s) was served by mail to the following entities listed at the address(es) shown below:

Service List:

Gordon's Music and Sound, Inc.
810 Texas Street
Fairfield, CA 94533

C. Anthony Hughes
1395 Garden Highway, Ste. 150
Sacramento, CA 95833

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

David Ramirez
1395 Garden Highway, Ste 150
Sacramento, CA 95833

Jon Schlueter
108 Orange Street, Suite 8
Redlands, CA 92373

DATE: 10-12-12

Deputy Clerk
Lindsey Taylor